UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMAR WALKER #720647,

    Plaintiff,

v.

UNKNOWN MARTIN, et al.,

    Defendants.
_____/

Case No. 2:22-cv-0085

Hon. Jane M. Beckering
U.S. District Judge

**REPORT AND RECOMMENDATION**

**I. Introduction**

This Report and Recommendation (R&R) addresses Defendant's partial motion for summary judgment due to Plaintiff's failure to exhaust his administrative remedies on his retaliation claims. (ECF No. 21.) Plaintiff Walker did not respond to this motion.

State Prisoner Jamar Walker filed an unverified complaint pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at the Chippewa Correctional Facility (URF). (ECF No. 1.) Walker alleged that on November 25, 2020, Corrections Officer Curtis sexually assaulted him. Walker says that while he was performing his prison job cleaning a cell, CO Curtis ordered a shakedown and he complied. CO Curtis allegedly groped him in a sexual and inappropriate manner and stated that he had confiscated a note stating that Walker had "good boy pussy." (*Id.*, PageID.5.) As Walker attempted to step

away, CO Curtis allegedly ordered him not to move his "homo thug ass" or he would place him in segregation. (*Id.*) CO Curtis then groped Walker's penis and made a comment about how they both enjoyed this. (*Id.*) CO Curtis then ordered Walker to continue doing his job detail and stated he would make Walker pay for being a homosexual. (*Id.*)

Shortly after this event, CO Curtis again ordered another shakedown of Walker allegedly to check and see if Walker had hidden contraband in his "boy pussy and if he had been having sex." (*Id.*) Walker claims that CO Curtis pulled down Walker's pants and using his finger penetrated Walker's anus. (*Id.*) CO Curtis made an explicit sexual remark and then ordered Walker to leave the room and not to say anything. (*Id.*) Walker made a PREA complaint against CO Curtis and filed two PREA grievances. Walker's PREA grievances were denied as unsubstantiated. Walker also filed a grievance asserting the facts of the sexual assault that was rejected.

On July 28, 2022, the Court issued an Opinion and Order dismissing Defendants Warden Horton and Inspector Martin from this case. (ECF Nos. 6 and 7.) Additionally, the Court dismissed Walker's claims asserting violations of Due Process; the First Amendment, specifically, the right to petition the government; and PREA guidelines. Most relevant to this motion, the Court dismissed Walker's claims for declaratory and injunctive relief, and his ***retaliation claims against CO Curtis***.

The only remaining claim in this case is against CO Curtis for sexual assault under the Eighth Amendment. The opinion of the Court states:

> The Court will also dismiss, for failure to state a claim, Plaintiff's retaliation claim, as well as his claims for declaratory and injunctive relief, against Defendant Curtis. Plaintiff's Eighth Amendment claim against Defendant Curtis remains in the case.

(ECF No. 6, PageID.89.)

CO Curtis filed a motion for partial summary judgment asserting that the retaliation claim that the Court has already dismissed should be dismissed due to Walker's failure to exhaust administrative remedies. CO Curtis argues that "[t]he Court should grant Curtis summary judgment and dismiss the unexhausted retaliation claims from this lawsuit." (ECF No. 22, PageID.140.) The Order for Partial Dismissal states in part:

> **IT IS FURTHER ORDERED** that Plaintiff's retaliation claim and claims for declaratory and injunctive relief against Defendant Curtis is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e) and 1915A, and 42 U.S.C. § 1997e(c).

(ECF No. 7, PageID.90.)

CO Curtis "concedes that there are issues of fact as to whether Walker exhausted his PREA claims against Curtis under the PREA grievance process. . . ." (*Id.*) The PREA claims support the Eighth Amendment claim that the Court addressed in the July 28, 2022 opinion. The Eighth Amendment claim is the only remaining claim in this case against CO Curtis.

3

CO Curtis's motion for partial summary judgment requesting that the Court dismiss without prejudice Walker's retaliation claim is moot, because the Court has already dismissed that claim with prejudice.

It is respectfully recommended that the Court deny CO Curtis's motion for partial summary judgment as moot, because the only remaining claim in this case is Walker's Eighth Amendment claim arising out of his PREA claims. The Court has already dismissed the retaliation claims. Alternatively, if the Court determines that a retaliation claim remains in this case against CO Curtis, it should be dismissed because Walker failed to properly exhaust a retaliation claim through the grievance process.

**II. Summary Judgment Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury[1] or whether it is so one-sided that one

---

[1] If defendants move for summary judgment on the basis of exhaustion under the PLRA, and the court determines that there is a genuine issue of material fact, the issue need not be submitted to a jury. *Lee v. Willey*, 789 F.3d 673, 678 (6th Cir. 2015). Instead, the court may conduct a bench trial to resolve the issue. (*Id.*) In a bench trial on exhaustion, the defendants must show that the plaintiff failed to exhaust his administrative remedies by a preponderance of the evidence. *Id.* at 677 (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007)) ("Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence."); *Richards v. Perttu*, No. 2:20-CV-76, 2022 WL

party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. Exhaustion of Administrative Remedies

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 212-16 (2007). "[W]here the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

---

842654, at *1 (W.D. Mich. Mar. 22, 2022) (affirming a magistrate judge's ruling that the preponderance of the evidence standard applies in a bench trial on exhaustion).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones*, 549 U.S. at 218-19; *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218-19. In rare circumstances, the grievance process will be considered unavailable where officers are unable or consistently unwilling to provide relief, where the exhaustion procedures may provide relief, but no ordinary prisoner can navigate it, or "where prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 644 (2016).

"Beyond doubt, Congress enacted [Section] 1997e(a) to reduce the quantity and improve the quality of prisoner suits." *Porter*, 534 U.S. at 524. In the Court's view, this objective was achieved in three ways. First, the exhaustion requirement

6

"afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Id.* at 525. Second, "the internal review might 'filter out some frivolous claims.'" *Id.* (quoting *Booth*, 532 U.S. at 737*).* And third, "adjudication could be facilitated by an administrative record that clarifies the contours of the controversy." *Id.* When institutions provide adequate notice as required under the PLRA, the opportunity to address the claims internally furthers the additional goals of limiting judicial interference with prison administration. *Baker v. Vanderark*, 1:07-cv-004, 2007 WL 3244075, *5 (W.D. Mich., Nov. 1, 2007).

The most common procedure through which a prisoner in MDOC custody exhausts his administrative remedies is the grievance procedure set forth in Michigan Department of Corrections (MDOC) Policy Directive 03.02.130 (effective on March 18, 2019). According to the Policy Directive inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. *Id.* at ¶ Q. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶¶ Q, W. The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ Y. The Policy Directive also provides the following directions for completing grievance forms: "The issues should be stated briefly but concisely. Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how).

Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ S (emphasis in original).

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. *Id.* at ¶ DD. The respondent at Step II is designated by the policy. *Id.* at ¶ FF.

If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶¶ HH. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ II.

Where the grievance procedures are not available because the issue presented is non-grievable, exhaustion of prison grievance procedures is not required. It is well-established that a prisoner "cannot be required to exhaust administrative remedies regarding non-grievable issues." *Figel v. Bouchard*, 89 F. App'x 970, 971 (6th Cir. 2004); *Mays v. Kentucky Dept. of Corrections*, 2018 WL 4603153, at *3 (W.D. Ky. Sept. 25, 2018) ("It is beyond debate that an inmate cannot be required to exhaust administrative remedies regarding non-grievable issues."); *Reeves v. Hobbs*, 2013 WL 5462147 (W.D. Ark. Sept. 3, 2013) ("Defendants cannot treat a complaint as non-grievable, and therefore not subject to the grievance procedure, and then turn around

and maintain the claim fails because [the plaintiff] failed to follow the grievance procedure. As the well known proverb states, they cannot have their cake and eat it too.").

When prison officials waive enforcement of these procedural rules and instead consider a non-exhausted claim on its merits, a prisoner's failure to comply with those rules will not bar that prisoner's subsequent federal lawsuit. *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010). The Sixth Circuit has explained:

> [A] prisoner ordinarily does not comply with MDOCPD 130—and therefore does not exhaust his administrative remedies under the PLRA—when he does not specify the names of each person from whom he seeks relief. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010) ("Requiring inmates to exhaust prison remedies in the manner the State provides—by, say, identifying *all* relevant defendants—not only furthers [the PLRA's] objectives, but it also prevents inmates from undermining these goals by intentionally defaulting their claims at each step of the grievance process, prompting unnecessary and wasteful federal litigation process."). An exception to this rule is that prison officials waive any procedural irregularities in a grievance when they nonetheless address the grievance on the merits. *See id.* at 325. We have also explained that the purpose of the PLRA's exhaustion requirement "is to allow prison officials 'a fair opportunity' to address grievances on the merits to correct prison errors that can and should be corrected to create an administrative record for those disputes that eventually end up in court." *Id.* at 324.

*Mattox v. Edelman*, 851 F.3d 583, 590-91 (6th Cir. 2017).[2]

---

[2] In *Mattox*, the Sixth Circuit held that a prisoner may only exhaust a claim "where he notifies the relevant prison . . . staff" regarding the specific factual claim "giving the prison staff a fair chance to remedy a prisoner's complaints." *Id.* at 596. For example, grieving a doctor about his failure to give cardiac catheterization did not grieve the claim that the doctor erred by not prescribing Ranexa.

### IV. Analysis

The Court's screening opinion dismissed Walker's retaliation claims, including retaliation claims against CO Curtis. Therefore, CO Curtis's motion for partial summary judgment on Walker's retaliation claims is moot.

Nevertheless, any retaliation claim that CO Curtis argues survived the screening opinion is subject to dismissal without prejudice because Walker failed to properly exhaust his administrative remedies on a retaliation claim. The three grievances that Walker filed are: <u>URF-21-07-1729-28z</u> (ECF No. 22-3, PageID.158-162), <u>URF-21-05-1427-27a</u> (*id.*, PageID.163-167), and <u>URF-21-05-1428-27</u> (*id.*, PageID.168-172). These grievances failed to raise a retaliation claim against CO Curtis and were not properly exhausted because they were rejected at each step of the grievance process. *Jones*, 549 U.S. at 218-19.

### V. Recommendation

It is respectfully recommended that the Court deny CO Curtis's motion for partial summary judgment as moot because the only remaining claim in this case is Walker's Eighth Amendment claim arising out of his PREA claims.

The Court has already dismissed the retaliation claims.

Alternatively, if the Court determines that a retaliation claim remains in this case against CO Curtis, it should be dismissed because Walker failed to properly exhaust a retaliation claim through the grievance process.

Dated:   December 28, 2023                                    /s/ *Maarten Vermaat*
                                                              MAARTEN VERMAAT
                                                              U. S. MAGISTRATE JUDGE

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).