UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| JAMAR WALKER #720647, | Case No.   2:22-cv-00085 |
| Plaintiff, | Hon.   Jane M. Beckering<br>U.S. District Judge |
| v. | |
| UNKNOWN MARTIN, et al., | |
| Defendants.                                    / | |

# REPORT AND RECOMMENDATION

## I.  Introduction

This Report and Recommendation (R&R) addresses Defendant's motion for summary judgment.   (ECF No. 33.)

Plaintiff state prisoner Jamar Walker filed an unverified complaint pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at the Chippewa Correctional Facility (URF).   (ECF No. 1.)   The remaining claims are against Corrections Officer (CO) Curtis.   Walker alleges that on November 25, 2020, CO Curtis sexually assaulted him twice.   In the first incident, Walker says that while he was performing his prison job cleaning a cell, CO Curtis ordered a shakedown and he complied.   CO Curtis allegedly groped Walker in a sexual and inappropriate manner and stated that he had confiscated a note stating that Walker had "good boy pussy."   (*Id.*, PageID.5.)   As Walker attempted to step away, CO Curtis allegedly ordered him not to move his "homo thug ass" or CO Curtis would place him in segregation. (*Id.*)   CO Curtis then allegedly groped Walker's

penis and made a comment about how they both enjoyed this. (*Id.*) Walker says that CO Curtis then ordered Walker to continue doing his job detail and stated he would make Walker pay for being a homosexual. (*Id.*)

In the second incident, CO Curtis allegedly ordered another shakedown of Walker to check and see if Walker had hidden contraband in his "boy pussy and if he had been having sex." (*Id.*) Walker claims that CO Curtis pulled down Walker's pants and penetrated Walker's anus with his finger. (*Id.*) Walker says that CO Curtis made an explicit sexual remark and then ordered Walker to leave the room and not to say anything. (*Id.*) Walker alleges that prisoner Upchurch walked by and witnessed CO Curtis behind Walker while Walker was pulling up his pants. Prisoner Upchurch provided an affidavit. (ECF No. 1-3, PageID.22.)

CO Curtis moves for summary judgment, arguing that the alleged sexual assault did not happen, and that he would have been potentially dismissed from employment and imprisoned if he had committed the acts alleged by Walker. Further, CO Curtis argues that the allegations made by Walker were investigated by the MDOC and found to be unsubstantiated due to insufficient evidence and are contradicted by the evidence. CO Curtis argues that he is entitled to summary judgment because no genuine issue of fact exists.

In the opinion of the undersigned, Walker has presented sufficient evidence to support his Eighth Amendment claims against CO Curtis and he has established that a genuine issue of material fact exists on his claims against CO Curtis in his individual capacity.

It is respectfully recommended that the Court grant in part and deny in part Defendant's motion for summary judgment. It is recommended that the Court find that a genuine issue of material fact exists as to Walker's Eighth Amendment claims against Curtis in his individual capacity. It is further recommended that the Court dismiss Walker's claims for monetary damages against CO Curtis in his official capacity.

## II. Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

### III. Eighth Amendment

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

Among the protections of the Eighth Amendment, inmates have a constitutionally protected right to personal safety. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Prison staff are obliged "to take reasonable measures to guarantee

4

the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984). "Federal courts have long held that sexual abuse is sufficiently serious to violate the Eighth Amendment. . . . This is true whether the sexual abuse is perpetrated by other inmates or by guards." *Rafferty v. Trumbull Cnty.*, 915 F.3d 1087, 1095 (6th Cir. 2019) (citing *Farmer*, 511 U.S. at 848–49 (discussing inmate abuse); *Bishop v. Hackel*, 636 F.3d 757, 761 (6th Cir. 2011) (same); *Washington v. Hively*, 695 F.3d 641, 642 (7th Cir. 2012) (abuse by guards). However, in the context of claims against prison officials, the Sixth Circuit repeatedly has held that the use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. *See, e.g., Ivey*, 832 F.2d 950, 954–55 (6th Cir. 1987).

The Sixth Circuit has joined multiple other courts to conclude that even incidents of sexual touching coupled with sexual remarks do not rise to the level of an Eighth Amendment violation so long as the offensive conduct was "isolated, brief, and not severe[.]" *Rafferty*, 915 F.3d at 1095 (citing *Jackson v. Madery,* 158 F. App'x 656, 662 (6th Cir. 2005)); *e.g., Solomon v. Mich. Dep't of Corr.*, 478 F. App'x 318, 320–21 (6th Cir. 2012) (two "brief" incidents of physical contact during pat-down searches, including touching and squeezing the prisoner's penis, coupled with sexual remarks, do not rise to the level of a constitutional violation); *Jackson,* 158 F. App'x at 662 (correction officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in degrading manner was "isolated, brief, and not severe" and so failed to meet Eighth Amendment standards), *abrogated on other grounds by Maben v. Thelen*, 887 F.3d

5

252 (6th Cir. 2018); *Johnson v. Ward*, No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) (male prisoner's claim that a male officer placed his hand on the prisoner's buttock in a sexual manner and made an offensive sexual remark did not meet the objective component of the Eighth Amendment); *Berryhill v. Schriro*, 137 F.3d 1073, 1075 (8th Cir. 1998) (where inmate failed to assert that he feared sexual abuse, two brief touches to his buttocks could not be construed as sexual assault); *accord Boxer X v. Harris,* 437 F.3d 1107, 1111 (11th Cir. 2006), *partially abrogated by Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010).

However, allegations of repeated and extreme incidents may sufficiently state a claim and defeat a motion for summary judgment. For example, the Sixth Circuit concluded that a prison officer's demand that a female prisoner expose her breasts or masturbate in the officer's presence on six occasions was not "isolated, brief and not severe," and was sufficiently serious to state an Eighth Amendment claim that survives the defense of qualified immunity. *Rafferty*, 915 F.3d at 1095; *see also Seltzer-Bey v. Delo*, 66 F.3d 961, 962–63 (8th Cir. 1995) (allegations that prison guard conducted daily strip searches, made sexual comments about prisoner's penis and buttocks, and rubbed prisoner's buttocks with nightstick were sufficient to withstand motion for summary judgment as to plaintiff's Fourth Amendment claim).

Defendant argues that the first alleged incident – the alleged groping of Walker's buttocks and penis – does not rise to the level of an Eighth Amendment claim, and the second alleged incident – which began with a second alleged cell shakedown – is not supported by affirmative evidence. (ECF No. 34, PageID.206.)

6

Even if the Court agreed with CO Curtis that these allegations were insufficient to support an Eighth Amendment claim, Walker's more egregious allegations regarding the second incident a few minutes later *coupled with* the allegations in first incident are enough to create issues of material fact on the Eighth Amendment claims. *Rafferty*, 915 F.3d at 1095 (concluding that plaintiff's allegations that defendant demanded that she engage in sexual conduct on up to six occasions distinguished case from cases where Sixth Circuit held that less-severe episodes of sexual harassment did not rise to the level of an Eighth Amendment violation).

Defendant further argues that the evidence contradicts Walker's claim that he was assaulted. First, Defendant points out that Walker alleges that the assault occurred, not in his own cell but in another prison cell, during the 16:00 count time. At that time, according to Defendant, Walker would have been in his own cell for the prisoner count. Defendant states that "prisoner porters were not typically out of their cell cleaning during count time, as the purpose of count is to physically see all prisoners." (*Id.*, PageID.206.) The Neebish Unit Logbook indicates that count ended at 16:45. (ECF No. 34-7, PageID.258.) CO Curtis states that he does "not recall prisoners being out of their cells working porter detail during 16:00 count in November of 2020." (ECF No. 34-2, PageID.216.) Walker has responded by stating in an affidavit that he was sexually assaulted by Defendant after the formal count was taken when the prison porters "were called out to perform their job detail to clean the unit." (ECF No. 38-1, PageID.289; ECF No. 34-2, PageID.216.) Walker says that he was ordered by CO Curtis to clean out B-wing cells where the assaults took

7

place. (*Id*.) In the opinion of the undersigned, a genuine issue of material fact exists on this issue.

Second, Defendant argues that Walker's allegation that the assault occurred in B-wing and that prisoner Upchurch claims that he witnessed Walker and Curtis together in B-wing is not supported because both prisoners were not assigned to B-wing. (ECF No. 34, PageID.207.) Defendant states that records show that Walker was assigned to D-wing and Upchurch was assigned to the dayroom. (*Id*.) Walker says that CO Curtis ordered him to clean B-wing cells. (ECF No. 38-1, PageID.289.) Prisoner Upchurch stated:

> **DECLARATION**
> **OF**
> **CHRISSHAWN UPCHURCH**
>
> I Chrisshawn Upchurch #827559 declare that the following is true, accurate, and correct to the best of my knowledge and belief. On November 25, 2020, at approximately 4:30 PM, during facility count, I was working in Neebish Unit as a Unit Porter at the Chippewa Correctional Facility. While walking passed a cell on B-Wing, I directly observed Prisoner Walker #720647 in a cell on B-Wing, with his bare buttocks exposed, pulling his pants up from below his buttocks, with Correctional Officer Unknown Curtis standing behind him in the cell. I am willing to testify to such under penalty of perjury (28 U.S.C. 1746) that the above is true and accurate.
>
> Date: December 23, 2020          *Chrisshawn Upchurch* #827559
>                                   Chrisshawn Upchurch

(ECF No. 1-3, PageID.22.) In the opinion of the undersigned, a question of fact exists whether Walker was assaulted in B-wing as alleged in his complaint.

Third, Defendant argues that Walker's delay in submitting a PREA grievance shows that the assault did not happen because he waited to file his grievance until after he knew that camera footage from B-wing would no longer be available to contradict his claims. (ECF No. 344, PageID.208.) This is an argument that Defendant may present to the jury, but it is not enough to establish that Defendant is entitled to summary judgment. In the opinion of the undersigned genuine issues of material fact remain as to whether CO Curtis violated Plaintiff Walker's Eighth Amendment rights.

### IV. Qualified and Sovereign Immunity

CO Curtis also argues that he is entitled to qualified immunity because Walker cannot prove that he was sexually assaulted. CO Curtis's claim for qualified immunity is largely redundant. "Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Phillips v. Roane Cty.*, 534 F.3d 531, 538 (6th Cir. 2008) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Once a defendant raises the qualified immunity defense, the burden shifts to the plaintiff to demonstrate that the defendant officer violated a right so clearly established "that every 'reasonable official would have understood that what he [was] doing violate[d] that right.'" *Ashcroft v.*

9

*al-Kidd*, 563 U.S. 731, 741 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). Analyzing claims of qualified immunity involves a two-pronged test. *Martin v. City of Broadview Heights*, 712 F.3d 951, 957 (6th Cir. 2013). First, the court must "determine if the facts alleged make out a violation of a constitutional right." *Id.* (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (1982)). Second, the court asks if the right at issue was "'clearly established' when the event occurred such that a reasonable officer would have known that his conduct violated it." *Id.* (citing *Pearson*, 555 U.S. at 232). A court may address these prongs in either order. *Id.* (citing *Pearson*, 555 U.S. at 236). A government official is entitled to qualified immunity if the court finds that there is no constitutional violation, or that the right at issue was not clearly established. *See Citizens in Charge, Inc. v. Husted*, 810 F.3d 437, 440 (6th Cir. 2016). CO Curtis claims that he is entitled to qualified immunity because there are no genuine issues of material fact, and he did not violate Walker's Eighth Amendment rights.[1] As stated above, it is the opinion of the undersigned that a genuine issue of material fact exists to support Walker's Eighth Amendment claims against Defendant Curtis.

CO Curtis's claim for sovereign immunity is different. Curits argues that he is entitled to sovereign immunity in his official capacity as to Walker's claim for monetary damages regardless of whether the claim has merit.

---

[1] In other words, CO Curtis does not argue that the Eighth Amendment rights at issue were not clearly established as of Novelber of 2020.

A lawsuit against a state official for monetary damages is treated as a lawsuit against the State. *Brandon v. Holt*, 469 U.S. 464, 471 (1985). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Section 1983 did not expressly abrogate Eleventh Amendment immunity, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court, *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). As such, it is the undersigned's opinion that Walker's claims against Curtis in his official capacity for monetary damages are properly dismissed in accordance with the Eleventh Amendment.

### V.  Recommendation

It is respectfully recommended that the Court grant in part and deny in part Defendant's motion for summary judgment.

It is recommended that the Court find that a genuine issue of material fact exists on Walker's Eighth Amendment claims against CO Curtis in his individual capacity. It is further recommended that the Court dismiss Walker's claims for monetary damages against CO Curtis in his official capacity.

If the Court accepts this recommendation, Walker's Eighth Amendment claims for monetary damages against Defendant Curtis in his individual capacity, and

11

Walker's claim for declaratory and injunctive relief in Defendant Curtis's official capacity remain in this case.

NOTICE TO PARTIES:   Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.   28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).   Failure to file timely objections constitutes a waiver of any further right to appeal.   *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).   *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:   August 9, 2024                                         /s/ *Maarten Vermaat*
                                                                               MAARTEN VERMAAT
                                                                               U.S. MAGISTRATE JUDGE